UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAUN JERMAINE ESTES                                                                              PLAINTIFF

v.                                          No. 2:20-CV-02091

KEVIN BOLIN, et al.                                                                              DEFENDANTS

### OPINION AND ORDER

On February 17, 2021, the Court entered an opinion and order (Doc. 24) granting Defendants' motion to compel. The opinion and order reminded Plaintiff of his obligation to abide by the Federal Rules of Civil Procedure. *Accord Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."). The Court ordered Plaintiff to produce responsive discovery—initial disclosures and supplemental responses—by March 1, and warned that failure to comply would result in dismissal of this lawsuit.

Defendants have now filed a motion (Doc. 25) to dismiss and a brief (Doc. 26) in support. The motion represents that Plaintiff still has not made the initial disclosures or discovery responses compelled by the Court's order, and the deadline to do so has passed. Plaintiff filed a response (Doc. 27) in opposition, raising general objections that he has no obligation to comply with Defendants' discovery requests. Plaintiff's response makes clear that his failure to comply with the Court's order and provide discovery responses was deliberate and intentional.

The Court has discretion to dismiss for failure to prosecute and for failure to comply with a Court order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); 41(b). Dismissal with prejudice as a sanction for failure to prosecute or obey court orders may be used when this "ultimate sanction" is proportional to the violation and lesser sanctions are futile. *Bergstrom v.*

1

*Frascone*, 744 F.3d 571, 575 (8th Cir. 2014); *see Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) (per curiam) ("The test generally applied . . . in dismissing claims as a discovery sanction is whether the discovery abuse was in bad faith or deliberately intentional or willful.").

Plaintiff's noncompliance is intentional, as his response implicitly concedes, and lesser sanctions would be futile. Plaintiff refuses to comply with the Court's order because he believes Defendants' counsel is an "intervener" with no authority to request discovery. Plaintiff's continuing failure to recognize the right of an attorney admitted to this Court to enter an appearance on behalf of Defendants, and to engage in discovery under the Federal Rules of Civil Procedure in an effort to defend against Plaintiff's claims, demonstrates there is no reason to believe some lesser sanction under the Rules will lead to Plaintiff's compliance with those Rules or this Court's orders. Finally, dismissal with prejudice is proportional. Discovery began in September, 2020. Plaintiff has not made initial disclosures and has not responded to specific interrogatories and requests for production, to a motion to compel responses, or to the Court's order compelling responses. If Plaintiff willfully refuses to allow discovery relevant to his claims, then Plaintiff need not continue to pursue those claims.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 25) is GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 9th day of April, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE